THE STATE v. FRANK (PAT) OLIVER, Appellant.—87 S. W. (2d) 644.

Division Two, November 5, 1935.

.1038

*Finch & Finch* and *Ward & Reeves* for appellant.

*Roy McKittrick,* Attorney General, and *Drake Watson,* Assistant Attorney General, for respondent.

COOLEY, C.—Defendant was charged by information with the crime of having feloniously had carnal knowledge of an unmarried female of previously chaste character between the ages of sixteen and eighteen years, as defined by Section 4000, Revised Statutes 1929 (Mo. Stat. Ann., sec. 4000, p. 2806). Upon trial he was convicted, the jury returning a general verdict finding him guilty as charged, but not assessing the punishment. The court overruled defendant's motion for new trial and, as authorized by that section of the statute, assessed his punishment at two years' imprisonment in the penitentiary and, after allocution, sentenced him accordingly. He appeals.

Prosecutrix testified that she met defendant in January, 1933, while she resided at the home of her sister; that in February they became engaged to be married, and that about the last of March following she, at his solicitation, permitted him to have sexual intercourse with her; that she was seventeen years of age at the time and had never before had sexual intercourse with any person; that defendant told her he was twenty-five years of age and had previously been married, but was then single, having been divorced. It further appears from her testimony that the parties continued going together for several months, until defendant began going with another woman; that in December, 1933, she gave birth to a child, of whom defendant is the father.

A number of witnesses for the State testified that prosecutrix' reputation for virtue and chastity was good. Several for the defendant said that it was bad. Her reputation for truth and veracity was not assailed.

Defendant took the witness stand and denied that he had ever been

engaged to marry the prosecutrix or that he had proposed marriage to her. He did not deny having had sexual intercourse with her. He was not asked about that.

It is needless further to detail the evidence. That offered by the State, if true, makes a clear case. There can be no doubt of its sufficiency to sustain the verdict. Whatever contradictions appear between it and the evidence offered by the defendant were questions for the determination of the jury.

Appellant, though represented by able counsel at the trial, has filed no brief in this court. We look to his motion for new trial for the points relied upon for reversal.

It is claimed that the court erred in permitting Mrs. Mansker, a witness for the State, to testify that in April, 1933, defendant told her that he and the prosecutrix were going to get married. Defendant objected to that testimony on the ground that it was "not any element of the offense." In this connection we may consider the further contention that the court erred in permitting the prosecutrix to state why she had permitted defendant to have sexual intercourse with her. When that question was propounded defendant objected on the ground that it was "wholly immaterial." The objection was overruled and prosecutrix answered:

"Well, we became engaged in February and he just talked to me all the time, and he told me it would not make no difference because he intended to marry me, and I loved him as much as I loved myself, and so I did."

We think there was no error in the admission of that testimony. It is true that an engagement to marry is not a constitutive element of the offense charged. But it does not necessarily follow that the fact may not properly be shown in proving the offense charged. The prior chastity of the female must be proved. In most, if not all, cases of this kind it can only be shown positively by the testimony of the prosecutrix. But of course her testimony that she was previously chaste is not conclusive. The jurors may or may not give credence to it. They must determine its credibility,—determine whether it is true or not. In determining that question why may they not properly be informed of all the circumstances that may reasonably bear upon that issue? The fact that the parties, at the time of the sexual act in question, were engaged to be married, may, we think, legitimately be considered in that connection. It requires no stretch of imagination to believe that a virtuous, chaste girl would more readily and more likely yield her body to the man to whom she was engaged and whom she loved and trusted than if that relation of confidence and affection did not exist. Contra, if she readily consented to such lustful embraces without any such inducement it might tend to cast doubt on her prior virtue. The fact of an engagement to marry, if it exists, is a circumstance connected with the

commission of the offense charged, and while not necessary to be proved in order to make a case under the statute is one that we. think may properly be shown.

At the time prosecutrix became acquainted with defendant and while she kept company with him she was making her home with a married sister, Mrs. Mansker, and the latter's husband, Tilford— called "Red"—Mansker, prosecutrix' mother being dead and her father's whereabouts unknown. Defendant sought to prove by his brother that "Red" Mansker's *house* had the reputation of being "a bootlegging house." The offer was rejected, and we think properly so. The house in question was the residence of Mansker and his wife, and by force of circumstances for which she was not to blame, prosecutrix was making her home there. She did not control the premises and was not responsible if it had the reputation of being a place where liquor was sold; and if it had such reputation that fact did not tend to impeach prosecutrix' reputation or character for chastity.

Complaint is made also that the court erroneously refused to permit defendant to prove that the reputation of "Red" Mansker as a law-abiding citizen was bad. The record does not justify this contention. Mansker had testified as a witness for the State. Defendant asked one of his witnesses if he knew Mansker's reputation "for being a law-abiding citizen." The court at first sustained the State's objection but later the question in substantially the same language and with the same meaning was repeated and, without objection, was answered by the witness, who said that he knew Mansker's reputation in that regard and that it was bad.

Contention is made that the court erred in not sustaining defendant's motion to strike out the testimony of certain witnesses who had testified to the good reputation of prosecutrix for virtue and chastity, on the ground that it was shown by their cross-examination that they were not acquainted with her general reputation. The record affords no basis for that complaint. The witnesses referred to had qualified on direct examination, their testimony had gone in without objection and the record does not show that any motion to strike it out was offered.

The contention that error was committed in allowing the State to prove that defendant had been married and divorced prior to his acquaintance with the prosecutrix is untenable. That evidence was not objected to.

Instructions No. 1 and 2 are criticized. Of Instruction No. 1 it is said that it requires the jury to find the fact of carnal knowledge beyond a reasonable doubt but does not require a finding beyond a reasonable doubt of the other necessary facts, and that it does not require a finding that defendant was a male person over the age of seventeen years at the time of the alleged commission of the offense.

Neither criticism is well founded. We cannot understand why the latter, especially, should have been advanced. The instruction specifically requires the jury to find that defendant "was a male person over the age of seventeen (17) years." Regarding the first, the instruction begins by telling the jury that "if you believe and find from the evidence in this case, and beyond a reasonable doubt, as explained in Instruction No. 3 that" etc., and then follows an enumeration of all the facts necessary to be found in order to warrant conviction. The phrase "beyond a reasonable doubt" is not repeated in the instruction nor was such repetition necessary. The requirement contained in the portion of the instruction which we have quoted would naturally be understood to apply to all of the enumerated facts necessary to be found. Moreover, that instruction specifically refers to Instruction No. 3, wherein the court tells the jury that: "The law presumes defendant to be innocent, and this presumption continues until it has been overcome by proof which establishes that defendant is guilty to your satisfaction and beyond a reasonable doubt, and the burden of proving that defendant is guilty rests upon the State. When this presumption has been thus overcome and when the guilt of the defendant has thus been made clearly to appear, your duty is to convict him, but if, by the evidence, you are not convinced of the guilt of defendant beyond a reasonable doubt, your duty is to acquit him."

Read together, as they must be, the instructions fully inform the jury that defendant's guilt must be established beyond a reasonable doubt in order to justify conviction.

Instruction No. 2 is the usual general instruction on credibility of witnesses, in the form that has often been approved by this court. Part of defendant's assignment of error concerning this instruction in his motion for new trial is too vague and indefinite to present anything for review. Part of it, however, may deserve mention. He says that the instruction "was an intimation to the jury that the defendant's witnesses had given false testimony and held out to the jury that the court was of the opinion that the testimony of some of the witnesses was false," and that there was no evidence on which to base said instruction.

The instruction does not refer to the defendant's witnesses any more than to those for the State. It refers to the witnesses generally. It tells the jury among other things that "if you believe that any witness has willfully sworn falsely to any material fact in issue in this case, you are at liberty to disregard, or to treat as untrue, the whole or any part of such witness's testimony." Such direction in an instruction on credibility of witnesses has often been sustained by this court and defendant, in his motion for new trial, did not complain of it as being improper per se but only that the evidence did not justify giving it in this case. In answer to that contention

we deem it sufficient to say, without detailing the evidence, that there were sufficient contradictions and of such nature as to justify the giving of the instruction.

■ Defendant asserts in his motion for new trial that the punishment fixed by the court is excessive, unreasonable and not justified by the facts and constitutes an abuse of discretion by the trial court. This particular statute leaves it to the court to fix the punishment. Its constitutionality is not assailed and has been heretofore sustained. [State v. Hamey, 168 Mo. 167, 67 S. W. 620.] The punishment assessed is within the limits prescribed by the statute. The court had heard the evidence, was cognizant of the facts and circumstances, and there is nothing in the record indicating passion or prejudice on the part of the court—or, for that matter, on the part of the jury in arriving at the verdict of guilty. We find nothing in the record to justify a holding that the circuit court abused its discretion in fixing the punishment.

There are one or two other contentions in the motion for new trial that are not substantiated by the record or are not sufficiently preserved for review. Defendant appears to have had a fair and impartial trial and his guilt is established by clear and positive testimony, the truth of which was for the jury to determine. The information, verdict and judgment are in due form and sufficient. We find no prejudicial error in the record.

■ Since the submission of this case in this court there has been filed here, without motion or suggestion as to what action should be taken, what purports to be a marriage certificate showing the marriage on August 20, 1935 (since the appeal herein was taken), of the defendant and the prosecutrix. In Section 4011, Revised Statutes 1929 (Mo. Stat. Ann., sec. 4011, p. 2813), which defines seduction under promise of marriage, there is a provision to the effect that if, before the jury is sworn to try the defendant, he shall marry the woman seduced, it shall be a bar to any further prosecution for the offense. Obviously that provision cannot apply here. There is no such provision in the statute upon which this prosecution is based, and, moreover, the marriage did not occur before the jury was sworn to try the defendant. If the defendant has married the prosecutrix and is living with and caring for her as a husband should do, it might present a situation appealing to executive clemency, but we are powerless to grant relief. This court can only review the case on the record made below and affirm or reverse the judgment on that record. We have not authority to pardon or parole. The judgment of the circuit court is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.